UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Will A. Sandstrom,

Plaintiff,

vs. ORDER

Iron World, Chisholm, MN
and Iron Range Resources
and Rehabilitation
Commission (IRRRB),

Defendants. Civ. No. 00-1499 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of July, 2000.

* * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion for an Appointment of Counsel. For this purpose, the Plaintiff appears pro se, and, given that his Complaint has only recently been filed, no appearance has been entered by the Defendants.

For reasons which follow, we deny the Motion.

FILED JUL 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

II. Factual and Procedural History

In his Complaint, the Plaintiff alleges that the Defendants denied him his First Amendment rights, when they prevented him from distributing certain printed materials regarding "the ancient origins and history of the Fenno-Scandinavians" at "Iron World." Accordingly, he has commenced this action under Title 42 U.S.C. §1983 and, by this Motion, he requests an appointment of counsel. The Plaintiff's Motion is devoid of any expression of why he believes that the prosecution of his case cannot be accomplished without an appointment of legal counsel.

III. Discussion

A. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Moreover, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Central to the exercise of the Court's discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield

Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel, * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

B. Legal Analysis. After reviewing these factors, we find the issues attendant to the Plaintiff's claims to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claim, however, we are without

a sufficient showing that the Plaintiff is incapable of effectively vindicating his claim before the Court.

Accordingly, at this preliminary juncture, we deny the Plaintiff's Motions for an appointment of counsel but, upon a proper showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion for an Appointment of Counsel [Docket No. 3] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE